Anthony G. AMADIO, Appellant,

v.

Kenneth R. INGLE and Dorothy G.
Ingle, Appellees.

No. 12000.

United States Court of Appeals
Sixth Circuit.

Decided Oct. 13, 1954.

Thomas E. Sandidge, Owensboro, Ky.,
for appellant.

John E. Early, Evansville, Ind., Morton J. Holbrook, Byron, Sandidge & Holbrook, Owensboro, Ky., for appellees.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant filed an action in equity seeking to impress a trust upon a ⅙ interest in an oil and gas lease owned by defendants and to secure an accounting for the value of ⅙ of the oil already produced from such lease. Appellant alleged that he was asked by Lincoln Cochran, of Evansville, Indiana, to secure an operator to develop this lease owned by Cochran and his brother on a farm in Daviess County, Kentucky. The drilling was to be done for an interest in the lease and the undisposed of interest was to be split three ways between the Cochrans and appellant. Under the lease the first well had to be commenced within fifteen days. Appellant testified that he contacted appellee Kenneth Ingle, who agreed to drill the initial well and to defray the cost of drilling and one-half the cost of equipping and completing the well for a one-half interest in the lease. Later several producing wells were drilled on this property by Ingle for the

Cochrans. Appellant contends that he is entitled to a ⅙ interest in the lease and in the proceeds thereof. The District Court refused the relief sought and dismissed the complaint upon the ground that appellant did not come into the court of equity with clean hands.

This decision clearly is correct. The evidence upon material points in the controversy was conflicting and preponderated in favor of appellees' contention that when Ingle learned that appellant expected to receive a ⅙ interest, which was contrary to the arrangement that he had made with appellant, Ingle called the deal off. The Cochrans testified that appellant did not secure the driller and that the wells were not drilled under any arrangement made by appellant.

■■ Since appellant's story is contradicted by credible witnesses and by his own admissions, he is unable to surmount the hurdle that, in order to establish a constructive trust in real estate by an oral agreement, under the law of Kentucky the evidence must be clear, definite and convincing. Clark v. Smith, 252 Ky. 50, 66 S.W.2d 93; Gibson v. Gibson, Ky., 249 S.W.2d 53; Moore v. Terry, 293 Ky. 727, 170 S.W.2d 29.

■■ Moreover, appellant failed to make a material disclosure and sought to take advantage of knowledge which he was concealing from his proposed partner. As appellant testified: Ingle "didn't know how that half interest was going to be distributed. * * * You see, while we were talking all this, Mr. Ken Ingle doesn't know that I got a sixth of the deal. He doesn't know that. I didn't tell him that. It wasn't any of his business to know." This evidence is undisputed. The proposed joint adventure between appellant and Ingle imposed upon both parties the obligation of loyalty to the joint concern and of the utmost good faith, fairness, and honesty in their dealings with each other with respect to matters pertaining to the enterprise. Jones v. Nickell, 297 Ky. 81, 179

S.W.2d 195. Since appellant before he undertook to enter the venture with Ingle had arranged with the Cochrans for a considerably larger interest than he revealed to his proposed partner, he has no standing in a court of equity.

The judgment of the District Court is affirmed.